UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ENRIQUE ABRAHAM TAPIA-MEDINA,
Petitioner,

v.

CHRISTOPHER J. LAROSE, et al.,
Respondents.

Case No.: 3:26-cv-1300-CAB-BLM

**ORDER GRANTING A WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Enrique Abraham Tapia-Medina's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner alleges that he entered the United States in April 2023 seeking asylum, was released on his own recognizance by Respondents, complied with all conditions of his release and obtained work authorization, and then was re-detained by Immigration and Customs Enforcement ("ICE") without notice on his way to work on January 21, 2026. [*Id.* at 2–3, 8.] He claims that his detention violates the Fifth Amendment and the Administrative Procedure Act and seeks immediate release. [*Id.* at 8–12.]

Respondents do not contest any of Petitioner's asserted facts. [Doc. No. 4.] Nor do Respondents make any legal arguments against Petitioner's claims that his detention violates the Due Process Clause of the Fifth Amendment. [*See id.*; *see also* Petition at 11–

12.] Instead, Respondents say that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), but also that on this issue, "[c]ourts in this District have repeatedly reached the opposite conclusion." [Doc. No. 4 at 3–4.] Petitioner replies that a bond hearing would be inappropriate here, given Petitioner's prior release and no showing of a violation of that release or otherwise changed circumstances, and that he is entitled to release. [Doc. No. 5.]

In light of Petitioner's unrefuted facts and legal claim under the Fifth Amendment, the Court **GRANTS** a writ of habeas corpus based on the reasoning the Court has articulated in similar cases. *E.g.*, *Tokhi v. LaRose, et al.*, Case No. 3:26-cv-0803-CAB-VET (S.D. Cal. Feb 19, 2026). The Court therefore **ORDERS** Respondents to immediately release Petitioner under the same conditions of release that existed immediately prior to his January 21, 2026 re-detention. <u>The Clerk of the Court shall close the case.</u>

It is **SO ORDERED**.

Dated: March 16, 2026

Hon. Cathy Ann Bencivengo
United States District Judge